IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**OLLIE D. SPIVEY**                                                        **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. 2:05-mc-2163-KS-MTP**

**MARK W. EVERSON, Commissioner of**
**Internal Revenue**                                                   **DEFENDANT**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion to Dismiss [4] filed by Defendant. Having reviewed the submissions of the parties and the applicable law, the court finds that the Motion [4] should be GRANTED.

FACTUAL BACKGROUND

Plaintiff Ollie D. Spivey filed this "Motion for Mandamus under authorities of the 4th and 5th Amendments and 28 U.S.C. § 1361" [1][2] on or about November 28, 2005. In his Motion, Plaintiff claims that federal tax liens and levies have been wrongfully assessed to his property, and that his property has been wrongfully seized. Plaintiff alleges that on June 26, 2005, he filed 1040 tax returns for the years 1998-2004, for the purpose of correcting his erroneous Internal Revenue Service administrative accounting record. Plaintiff claims that the 1040EZ tax forms filed for each year referenced above are proper and accurate.

Plaintiff claims that he is owed a tax refund for several of the years referenced above, as evidenced by the face of the filed tax forms. Plaintiff claims that each tax liability assessed against him is either satisfied or uncollectible, yet the Secretary[1] has not released the liens and/or levies or returned his wrongfully seized property pursuant to 26 U.S.C. § 6325 (a)(1) and § 6343(a) and (b).

---

[1]Presumably the Secretary of the Treasury.

Plaintiff requests the court to order Defendant to correct the erroneous IRS accounting records, to issue certificates of release of liens and levies, and to return his wrongfully seized property.

On January 31, 2006, Defendant filed his Motion to Dismiss [4] pursuant to Rule 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure, for lack of subject matter and personal jurisdiction, insufficiency of service of process, and for failure to state a claim upon which relief may be granted.  Plaintiff filed his Response [5] in opposition to Defendant's motion on February 9, 2006.

## STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  However, in order to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## ANALYSIS

Plaintiff seeks the remedy of mandamus pursuant to 28 U.S.C. § 1361, as set forth above. Section 1361 provides as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The Fifth Circuit has held that

"[m]andamus is reserved for extraordinary circumstances." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). In order to be entitled to mandamus, Plaintiff must demonstrate "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d at 1034. Specifically, Plaintiff must establish that the governmental employee owed him a "legal duty that is a specific, ministerial act, devoid of the exercise of judgment or discretion." *Dunn McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997).

"Mandamus is granted in only the clearest most compelling cases." *Trowbridge v. Dep't of Treasury*, 54 Fed. Appx. 592, 2002 WL 31730286, at *2 (5th Cir. Nov. 21, 2002). Further, this court has discretion in determining whether to issue a writ of mandamus. *Trowbridge*, 2002 WL 31730286, at *2.

Defendant claims that mandamus is precluded because Plaintiff has failed to establish that he has a clear right to demand the performance of a plainly defined, peremptory, and ministerial duty. Defendant further claims that Plaintiff is not entitled to mandamus relief because adequate alternative remedies are available, including a refund action under 28 U.S.C. § 1346(a)(1), a wrongful collection action under 26 U.S.C. § 7432 or § 7433, or a collection due process action under 26 U.S.C. § 6330.

In his opposition, Plaintiff claims, *inter alia*, that Defendant has a clear non-discretionary duty to obey the Internal Revenue Code, including sections 26 U.S.C. § 6325(a) and § 6343, and that he has violated those sections by unlawfully withholding or unreasonably delaying the issuance of a certificate of release of lien(s) and failing to return his wrongfully seized property.

The court agrees with Defendant's claim that Plaintiff has failed to demonstrate that he has a clear right to demand the performance of a **plainly defined, peremptory, and ministerial**

3

**duty** required for the award of mandamus relief. *See Dunn McCampbell*, 112 F.3d at 1288. As reflected in his opposition, Plaintiff merely disagrees with the IRS's calculation of his taxes and assessments "which were the basis for the wrongful IRS liens an (sic) levies and asset seizures." *See* Response [5] at ¶ 30. Indeed, he admits that "the act of determining the amount of tax liability involves **discretion**." *Id.* (emphasis added).

In his opposition to Defendant's motion to dismiss, Plaintiff cites to *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir. 1978), where the court held that mandamus should have been granted to plaintiff. However, in *Vishnevsky*, the IRS admitted to the overpayment of taxes and had made a formal finding of such overpayment. *See Vishnevsky*, 581 F.2d at 1250. The Seventh Circuit found that the IRS district director had a clear ministerial duty under "the unique circumstances of this case" to give taxpayers the benefit of the admitted overpayment. *Id.* at 1253. However, the court emphasized its "awareness that the process of determining that there has been an overpayment is undoubtedly an act of discretion by the pertinent official(s), which could **never** be the subject of mandamus relief." *Id.* at 1254 (emphasis added); *see also McMillen v. U.S. Dep't of Treasury*, 960 F.2d 187, 189-90 (1st Cir. 1991) (holding that mandamus relief was not available to taxpayers in suit to release tax lien on their property, where taxpayers disputed the actual taxes owed and did not claim a procedural defect with the lien; "any attack on the liens will necessarily involve a determination of the accuracy of the underlying assessment, a determination that a district court cannot make until the jurisdictional prerequisites for a refund action have been fulfilled"). Based on the pleadings in this case, there has been no determination by the IRS of an overpayment. Accordingly, mandamus relief is not available to Plaintiff.

Further, the court agrees with Defendant's assertion that alternative adequate remedies are

available to Plaintiff, and therefore, he is not entitled to mandamus relief. For example, Plaintiff could institute a refund action under 28 U.S.C. § 1346(a)(1) for his alleged overpaid taxes for the years at issue. *See* 28 U.S.C. § 1346(a)(1) (stating that district courts retain jurisdiction over civil actions against the United States for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . "). Plaintiff has failed to show that this remedy is inadequate or unavailable.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet the elements necessary to warrant the extraordinary remedy of mandamus relief. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted and Defendant's Motion to Dismiss [4] should be granted.[2]

IT IS, THEREFORE, ORDERED:

1. That Defendant's Motion to Dismiss [4] is hereby GRANTED, and that this matter is dismissed with prejudice;

2. That Plaintiff's Motion for Order to Show Cause [2] and Motion to Compel [3] are DENIED as moot.

SO ORDERED AND ADJUDGED this the 15th day of September, 2008.

>    *s/Keith Starrett*
>    UNITED STATES DISTRICT JUDGE

---

[2]Because the court finds that Defendant's Motion to Dismiss [4] should be granted for Plaintiff's failure demonstrate the necessary elements for mandamus relief, it does not reach the merits of Defendant's other arguments.